## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN M. O'NEILL**<br>817 Bordentown Road<br>Burlington, NJ 08016<br>　　　　　　　Plaintiff<br>　　v.<br><br>**MOHAMED A. ADULLE**<br>2000 Lyndale Ave. S Unit 514<br>Minneapolis, MN 55405<br><br>**DIRIR EXPRESS, LLC**<br>900 County Road D W Apt. 305<br>Saint Paul, MN 55112<br>　　　　　　　Defendants | **CASE NO.:**<br><br><br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, John M. O'Neill, by and through his attorneys, Law Offices of Anthony J. Leonard, LLC, by way of Complaint against the Defendants say:

**FACTS COMMON TO ALL COUNTS**

1. Plaintiff, John M. O'Neill ("Plaintiff"), is an adult male residing at the above-captioned address.

2. Defendant, Mohamed A. Adulle ("Mr. Adulle"), is an adult male who resides at the above-captioned address.

3. Defendant, Dirir Express, LLC ("Dirir Express"), is a corporation that maintains a principal place of business at the above-captioned address.

4. On or about January 11, 2021, Plaintiff was operating a red 2012 Kia Soul ("Kia") on Jones Street at or near its intersection with Route 130 in Burlington, New Jersey.

5. At that same time, Defendant Driver was operating a white 2011 Freightliner tractor trailer ("tractor trailer") on Jones Street at its intersection with Route 130 in Burlington, New Jersey.

6. At the aforementioned time, Defendant Driver suddenly reversed the tractor trailer into the front of Plaintiff's stopped Kia and continued to reverse even after the crash occurred.

7. As a result of the impact, Plaintiff sustained injuries and losses, including, but not limited to: left wrist pain, cubital tunnel syndrome in the left wrist, a left cubital tunnel decompression with subcutaneous ulnar nerve transposition, a cervical epidural steroid injection at C7-T1 under fluoroscopic guidance, moderate left ulnar entrapment neuropathy with compression at the level of the elbow across the cubital tunnel, mild C6 cervical radiculopathy on the left, moderate L4-L5 lumbar radiculopathy, spondylolysis with grade 1 anterolisthesis of L5 on S1, cervical sprain and strain, lumbar sprain and strain, left shoulder impingement, cervicalgia, mental anguish, fear and anxiety with driving, specifically, around tractor trailers and thoracic spine pain.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9. Defendants are subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. § 1391(b)(2) in that the acts of such parties complained of herein occurred in this District and the Defendants transact, do, and solicit business in this District.

**FIRST COUNT**
*Negligent Operation of a Motor Vehicle*
**Plaintiff v. Mr. Adulle**

10. Plaintiff incorporates Paragraphs 1 through 9 by reference as though same were fully set forth at length.

11. On the aforementioned date, time, and location, Mr. Adulle carelessly, recklessly, and/or negligently operated his tractor trailer.

12. This careless, reckless, and/or negligent operation by Mr. Adulle on the aforementioned date, time, and location caused the subject motor vehicle accident.

13. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer severe and egregious injuries that are deemed to be ongoing and of a permanent nature such that the affected body part(s) has not/will not heal to function normally with further medical treatment; was prevented and/or restricted and will continue to be prevented and/or restricted from attending his usual and customary duties and activities; suffered and continue to suffer great pain and suffering; sustained severe mental anguish and psychological trauma; and he has been otherwise injured and/or damaged in a severe and permanent manner such that the affected body region(s) have not and will not heal to function normally with further medical treatment together with related damages and losses.

WHEREFORE, Plaintiff demands judgment against Defendant Driver for damages and/or all other relief as the Court may deem necessary and proper.

## SECOND COUNT
*Negligence via Agency/Negligent Entrustment/Negligent Hiring*
**Plaintiff v. Dirir Express, LLC**

14. Plaintiff incorporates Paragraphs 1 through 13 by reference as though same were set forth at length herein.

15. On the aforementioned date, time, and location, the Defendant Driver was acting as an employee, agent or independent contractor on behalf of Dirir Express and in furtherance of Dirir Express' economic interest.

16. Defendant Driver operated the tractor trailer as an employee, agent or independent contractor on behalf of Defendant Owner.

17. At the above-mentioned time and place, Dirir Express failed in its common law duty to Plaintiff by negligently, carelessly, and recklessly causing serious personal injury to him by:

> a. Negligently entrusting Defendant Driver to safely operate the tractor trailer on its behalf;
>
> b. Failing to ensure Defendant Driver's tractor trailer was properly maintained, repaired, and inspected prior its use; and
>
> c. Hiring Defendant Driver to operate the tractor trailer despite actual and/or constructive notice of the Defendant Driver's dangerous attributes as a driver.

**WHEREFORE**, Plaintiff demands judgment against Dirir Express, LLC for all damages and other relief as the Court may deem necessary and proper.

## CERTIFICATION PURSUANT TO R. 11.2

The matter in controversy is not at this time the subject of any other known action pending in any court or of a known pending or contemplated arbitration proceeding. There are no other known parties who should be joined in this action at this time.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues in this action.

**LAW OFFICES OF ANTHONY J. LEONARD, LLC**

By: */s/ Anthony J. Leonard*
Anthony J. Leonard, Esquire
NJ Attorney ID: 039222006
Benjamin E. Smith, Esquire
NJ Attorney ID: 216652016
1820 Chapel Ave. West, Ste. 195
Cherry Hill, NJ 08002
Telephone: 856-942-1218
Fax: 609-643-4756
E-mail: aleonard@leonardinjuryfirm.com
*Attorneys for Plaintiff*

Dated: September 16, 2022